**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                      **CRIMINAL NO. 3:06cr158**

**STEVEN EDWARDS**

## ORDER

This cause is before the Court on the Motion of Defendant Steven Edwards for Psychiatric Examination.  In support of this motion, Defendant Steven Edwards cites a history of clinical depression, anxiety, panic attacks, and other psychiatric problems. His attorney alleges that "a serious question as to [Steven Edwards's] ability to fully understand the consequences of the charges against him and to assist Counsel in his own defense" warrant the requested examination.  The Government does not oppose the request.

Accordingly, the Court will order that Defendant Steven Edwards, pursuant to Title 18 U.S.C. §§ 4241 and 4242, submit to and be examined by a facility of the United States Government Bureau of Prisons to determine whether he is or was suffering from a mental disease or mental defect that renders[ed] him mentally incompetent at the time the alleged crime was committed and/or to determine whether, and to the extent, he is able to understand the seriousness or consequences of the charges against him and to assist properly in his defense.

Defendant Steven Edwards also filed a Motion for Continuance.[1] The continuance is sought to permit the psychiatric examination requested by Mr. Edwards.  The Government does not object to the continuance.

The Court, having been fully advised in the premises, specifically (1) having been advised that Defendant Steven Edwards seeks a psychiatric examination and (2) having found that such examination is warranted, finds that the Motion for Continuance should be granted.  In accordance with 18 U.S.C. § 3161(h)(1)(A), any delay resulting from an examination to determine the mental competency of a defendant is excluded for purposes of the Speedy Trial Act.  The Court additionally finds that the ends of justice would be best served by granting the requested continuance insofar as Mr. Edwards's and the public's interest in a speedy and public trial is concerned, and further finds that the failure to grant such continuance would likely make the continuation of these proceedings impossible and would result in a miscarriage of justice as Mr. Edwards as requested, and has been ordered to submit to, a psychiatric examination in this case.

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant Steven Edwards for Psychiatric Examination [Docket No. 42] is hereby

---

[1]  Although Steven Edwards's pleading is labeled "Joinder in Motion for Continuance", the Court has construed it as a Motion for Continuance.

granted.  Pursuant to the provisions of Title 18 U.S.C. §§ 4241 and 4242, Defendant Steven Edwards is hereby ordered to submit to and be examined by a facility of the United States Government Bureau of Prisons to determine whether he is or was suffering from a mental disease or mental defect that renders[ed] him mentally incompetent at the time the alleged crime was committed and/or to determine whether, and to the extent, that he is able to understand the seriousness or consequences of the charges against him and to assist properly in his defense.

IT IS FURTHER ORDERED that the Motion of Defendant Steven Edwards for a Continuance [Docket No. 43] is hereby granted. Counsel for Defendant Steven Edwards is hereby ordered to notify the Court, in writing, within seven days from the date the psychiatric examination is completed, that the examination has been performed and his case should be set for trial.

SO ORDERED this the 26th day of February, 2007.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE